UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

PAUL E. PERDUE,  No. 13-11790

                      Debtor(s).
_____/

DIANE PERRY,

                      Plaintiff(s),

      v.  A.P. No. 13-1161

PAUL E. PERDUE,

                      Defendant(s).
_____/

Memorandum After Trial
_____

    Chapter 7 debtor and defendant Paul Perdue is a real estate broker. He entered into a management agreement with plaintiff Diane Perry whereby he would manage her rental property at 586 Alicia Drive, Rohnert Park, California. The agreement required Perdue to deposit the rent from the property into a trust account with a qualified banking institution. Perdue collected Perry's rents from July through December, 2011, totaling $5,850.00, and deposited them into a trust account, but he never remitted the funds to Perry. She alleges that her claim against Perdue is nondischargeable

1

pursuant to §523(a)(4) of the Bankruptcy Code.

Perdue did not comply with any of the court's pretrial requirements, nor did he comply with the disclosure requirements of Rule 26 of the Federal Rules of Civil Procedure. His defense, presented for the first time a trial, was that his judgment creditors somehow were able to reach the trust account and take the funds to satisfy his personal debts. Perdue did not produce a single document to back up his claims, which make no sense to the court. Setting aside the matter of how creditors supposedly reached funds in a real estate broker's trust account, such an explanation might be a defense to one or possibly two monthly rent checks, but not six. Either Perdue was converting the rents to his own use or he continued to deposit the checks into the account knowing they would be seized by his creditors to satisfy his personal debts.

There was no specific testimony relating to Perdue's intent. However, the court may infer the requisite intent from all of the circumstances. The court finds, from observing Perdue's demeanor at trial and considering his unsupported and incredible defense, that Perdue intended to deprive Perry of her rent proceeds either by intentionally converting them or by intentionally allowing his creditors to take them to satisfy his personal debts. His debt to Perry is accordingly nondischargeable pursuant to §523(a)(4).

For the foregoing reasons, Perry shall have a nondischargeable judgment against Perdue in the amount of $5,550.00, which is the amount of the converted rent checks less Perdue's monthly $50.00 fee. Perry shall also recover interest at the federal judgment rate from and after December 1, 2011, and costs of suit. Counsel for Perry shall submit an appropriate form of judgment.

Dated: April 8, 2014

Alan Jaroslovsky
Chief Bankruptcy Judge

# CERTIFICATE OF MAILING

I, the undersigned, a regularly appointed deputy clerk of the United States Bankruptcy Court for the Northern District of California, at Santa Rosa, hereby certify:

That I, in the performance of my duties as such clerk, served a copy of the foregoing document by depositing it in the regular United States mail at Santa Rosa, California on the date shown below, in a sealed envelope bearing the lawful frank of the Bankruptcy Judge, addressed as listed below.

Dated: April 8, 2014   By: _____Katie Andersen_____
                              Katie Andersen
                              Deputy Clerk

Paul Edwin Perdue
131-A Stony Circle
Suite 500
Santa Rosa, CA 95401